YARRINGTON (HOFFMAN v.). See Case No. 6,580.

## Case No. 18,126.

### YATES et al. v. ARDEN et al.

[5 Cranch, C. C. 526.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

CONFUSION OF GOODS — PRINCIPAL AND AGENT — BILL IN BEHALF OF ALL CREDITORS — AMENDMENT BY COMPLAINANT.

1. If an agent, whose duty it is to keep the goods and effects of his employer separate, mix them with his own, it lies upon him to distinguish them; and if he cannot, the whole is to be considered as belonging to the other; and every sort of profit derived by an agent from dealing or speculating with his principal's effects, is the property of the latter, and must be accounted for.

[Cited in Gantt v. American Cent. Ins. Co., 68 Mo. 515. Cited in brief in Judevine v. Town of Hardwick, 49 Vt. 182.]

2. If the bill be originally filed by the complainants "for themselves and such other creditors as shall choose to come in and contribute to the expenses of the suit," the complainants, before answer, have a right to amend their bill by striking out those words, although some of the other creditors shall have filed their petitions to be let in as complainants; but the complainants must pay the petitioners their costs.

Bill in equity, having a double aspect [by Yates and McIntire against the heirs at law

[1] [Reported by Hon. William Cranch, Chief Judge.]

and administrator of D. D. Arden, deceased]: (1) To charge the real estate of D. D. Arden, deceased, with payment of debts due to the plaintiffs, "and such other creditors of D. D. Arden as shall come in and contribute to the expenses of the suit;" and (2), to obtain the exclusive benefit of such of the real estate as was purchased by the deceased, with the plaintiffs' funds, and as their agent; and to obtain a decree for the sale of the whole of the real estate. The plaintiffs claimed to be creditors to the amount of $35,301.51, and averred that the personal estate was insufficient to pay the debts of the intestate.

The heirs at law, without having answered the bill, filed a cross-bill against Yates & McIntire, and the administrator of D. D. Arden's estate, averring that the intestate carried on an extensive and profitable business in Washington upon his own account. That the defendant, John M. Maury, was appointed his administrator, and returned an inventory by which it would seem that the personal estate would be insufficient to pay the debts, but they have no means of ascertaining the correctness of the same. That Maury, the administrator, is the agent of the plaintiffs, and, as such, is in the possession of all the books and papers of the deceased; and represents that the intestate, in all his transactions, acted exclusively for the plaintiffs. These complainants are unable to answer the bill of the plaintiffs, Yates & McIntire, with any degree of accuracy, and pray that Yates & McIntire may specify all the transactions of the deceased in which they were interested; and that the defendant Maury may produce the books and papers of the deceased, and that the defendants may account for all the property which came to their hands.

Before any answer had been filed to either of those bills, the Bank of the United States and M. & H. Carey, respectively filed their petitions as creditors of the intestate, stating that his personal estate is insufficient to pay his debts. That Yates & McIntire, claiming to be creditors, and professing to act in behalf of all the creditors, &c., have filed their bill to subject the real estate to the payment of the debts of the deceased; but claim that the real estate, or a great part of it, was purchased with their funds, and therefore they claim a priority of payment, &c. That these petitioners deny the facts to be as averred by Yates & McIntire in their said bill; and, if true, deny their right to priority of payment; and suggest the inconsistency of thus professing to act for all the creditors, and at the same time claiming priority of payment; and they pray the court to compel them to elect upon which ground they will proceed; or to carry on the litigation, so far as their claim for preference is concerned, at their own expense, and that the petitioners may be admitted as parties to so much of the said bill as seeks to promote the common interest of all the creditors; and to resist so much as is at variance with their rights as creditors; and for general relief.

Before any answer was filed to the bill of Yates & McIntire, but after the Bank of the United States and the Messrs. Carey had filed their petitions, Yates & McIntire amended their bill by striking out the words "in behalf of themselves and such other creditors as shall choose to come in," &c., and by charging that the defendants, the heirs of the intestate, had entered upon the real estate, and were in receipt of the rents and profits, greatly exceeding $1,500 a year, which ought to be subject to the payment of the debt due by the intestate to the plaintiffs, the said real estate having been purchased with their funds improperly applied by him as agent, whereby he became a trustee for their benefit, and the defendants must take the same, subject to all the plaintiffs' legal and equitable claims thereon; and praying that a receiver may be appointed. Yates & McIntire, and Mr. Maury answered the cross-bill; and it was agreed that the cross-bill of the heirs should be received as their answer to the bill of Yates & McIntire, and that the answer of Mr. Maury should be read as his deposition in the same suit; that general replications should be filed to the respective answers, and that the causes should be set for hearing, and submitted upon the respective bills, answers, and general replications, and the deposition of Mr. Maury.

CRANCH, Chief Judge. The facts which it is incumbent on Yates & McIntire to prove in order to justify a decree in their favor, to the extent of their prayer for relief, are: (1) That the intestate, D. D. Arden, was their agent for the sale of their lottery tickets, upon commission. (2) That, as such agent he received a large number of tickets which he sold for their account, and that he was indebted to them in a large amount at the time of his death, and that, on the 1st of June, 1836, there remained due to them, the sum of $31,074.10. (3) That D. D. Arden died seized or possessed of real estate, as alleged in their bill, the whole, or a large part of which, was purchased by the deceased, with the funds of the plaintiffs, Yates & McIntire. That if any part thereof was purchased and paid for with the separate and individual funds of the deceased, it is so mingled with the part purchased with the funds of the plaintiffs, Yates & McIntire, that it cannot be discriminated by the plaintiffs. (4) That so far as the plaintiffs, Yates & McIntyre, seek to charge the real estate, if any, which was purchased with the separate funds of the deceased, they must show that his personal estate was insufficient to pay his debts.

None of these facts were denied in the cross-bill of the heirs which is received as their answer to this bill; and they are all proved by the answer of Mr. Maury, which is received by consent as his deposition in this suit.

Theobald, in his treatise on Principal and Agent (page 369), says: "And this principle will be found to be established, by many authorities, as a settled rule in equity, that if an agent, whose duty it is to keep the property of his employer separate, mix it with his own, it lies upon him to distinguish them; and if he cannot distinguish what is his own, the whole is to be considered as belonging to the other." And in page 371, he says: "Every sort of profit or advantage, clandestinely derived by an agent, from dealing or speculating with his principal's effects, is the property of the latter, and must be accounted for." Malyne, 154. See Lord Chadworth v. Edwards, 8 Ves. 48; Lupton v. White, 15 Ves. 436; and Panton v. Panton [supra]. These plaintiffs, therefore, have a right to consider the whole real estate of the deceased in this district as belonging to them, and either to have it specifically conveyed, they paying any balances of the purchase-money which may be due; or, to have it sold, and the proceeds of the sales, after paying such balances, if any there are, to be appropriated to the extinguishment of their claim against the deceased.

It has been suggested, that after the Bank of the United States, and M. and H. C. Carey, other creditors of the deceased, had come in, according to the invitation of the bill, the plaintiffs had no right to amend it so as to exclude those creditors who had come in under the invitation of the original plaintiffs, Yates and McIntire. The Bank of the United States, and the Messrs. Carey, had by their petition prayed to come in, not to aid the original plaintiffs, but to controvert the plaintiff's claim to the property purchased by their agent with their funds, and to be admitted to the benefit of so much of the bill as seeks to promote the common interest; at the same time averring the bill to be incongruous, and liable to be defeated upon demurrer. In order to avoid this objection, the original plaintiffs amended their bill, by striking out the invitation, and leaving the bank and the Messrs. Carey to pursue their own course; and the question now is, whether they had a right so to do.

We think they had; but they must pay the petitioners their costs.

The plaintiffs having shown that a large part of the real estate was purchased by the deceased with their funds, and the defendants having failed to show what part, if any, was purchased with the separate funds of the deceased, the court will order the whole to be sold, and the proceeds to be brought into court to be disposed of as the court shall direct.